FILED
MISSOULA, MT

2006 JAN 13 AM 11 26

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| In Re<br><br>FRANK J. TEPP,<br><br>        Debtor.<br>_____<br><br>FRANK J. TEPP,<br><br>        Plaintiff.<br><br>vs.<br><br>CHASE MANHATTAN BANK USA, TRI ADVANTAGE CREDIT SERVICES, PAUL BRYANT, and COLLINS FINANCIAL SERVICES INC.,<br><br>        Defendants. | CV 05-52-M-DWM<br><br><br><br><br><br><br><br>ORDER |

**I. Background**

Plaintiff Frank J. Tepp filed a voluntary Chapter 13 bankruptcy petition in January of 2004, which he subsequently converted to a Chapter 7 case in February of 2004. Paul Bryant, doing business as Big Sky Check Recovery & Collections, sent a

1

letter to Tepp in April of 2004 attempting to collect a debt Tepp allegedly owed to Chase Manhattan Bank. In July, 2004, Tepp initiated an adversary proceeding against Paul Bryant/Big Sky Check Recovery & Collections and other defendants, alleging that they had violated the automatic stay provisions of the Bankruptcy Code and the Federal Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). He sent discovery requests to defendants, but received no reply. He then filed a Motion for Summary Judgment and accompanying Statement of Uncontroverted Facts relating to his FDCPA claim against Bryant. Bryant did not file a Statement of Genuine Issues. The bankruptcy court's Proposed Findings of Fact and Conclusions of Law regarding Tepp's Motion for Summary Judgment are now before this Court pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033.

## II. Standard of Review

28 U.S.C. § 157(c)(1) provides that once the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court, the district judge shall enter a final order or judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." Here, no party has objected to the bankruptcy judge's proposed findings and conclusions. Thus, the proposed findings and

conclusions are subject to more deferential consideration rather than de novo review.

### III. Factual Findings

Defendant having failed to file a Statement of Genuine Issues, the facts set forth in Plaintiff's Statement of Uncontroverted Facts are deemed admitted. See Montana Local Bankruptcy Rule 7056-1(a)(3). The bankruptcy court's factual findings, which are those set forth in the Statement of Uncontroverted Facts, are therefore adopted in full.

### IV. Conclusions of Law

Although Plaintiff brought his claim against Bryant/Big Sky Check Recovery under the FDCPA, he admits that it was Defendant Collins Financial's violation of the automatic stay that led to Bryant's alleged FDCPA violation. Collins Financial transferred Plaintiff's debt to Bryant after Plaintiff had filed for bankruptcy, allegedly a violation of the automatic stay, and then Bryant sent Plaintiff a debt collection letter.

Judge Kirscher concluded that Plaintiff's sole right of action is under Section 362(h)[1] of the Bankruptcy Code involving

---

[1] The express right of action Congress created at Section 362(h) is now found at Section 362(k). That section reads as follows:

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive

3

violations of the automatic stay, not under the FDCPA. Relying on Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 (9th Cir. 2002), Judge Kirscher concluded that Plaintiff could not bring simultaneous claims under the Bankruptcy Code and the FDCPA, and thus Plaintiff's Motion for Summary Judgment based on the FDCPA must be denied.

The Ninth Circuit held in Walls that the plaintiff could not bring simultaneous claims against the same defendant under both Section 524 of the Bankruptcy Code (discharge injunction) and the FDCPA. 276 F.3d at 510-11. The court reasoned that the plaintiff's claim was based on an alleged violation of the Bankruptcy Code which had a comprehensive remedial scheme that included a remedy for that specific violation, and that Congress did not intend for a plaintiff to bypass the Code's remedy by using the FDCPA. Id.

Judge Kirscher acknowledged that there is a circuit split on this issue. The Ninth Circuit and the Seventh Circuit have both addressed the question of whether a debtor can bring simultaneous

---

damages.  (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

11 U.S.C. § 362(k).

claims under the Bankruptcy Code and the FDCPA. The Ninth Circuit concluded that the Bankruptcy Code precludes a simultaneous FDCPA action, and the Seventh Circuit concluded that because the two statutory schemes do not irreconcilably conflict, both statutes can be enforced simultaneously even if they are dealing with the same subject. See Walls, 276 F.3d at 510-11; Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004). Despite the disagreement between the Ninth and Seventh Circuits, Judge Kirscher concluded that Walls is binding precedent in the Ninth Circuit and therefore controls the result in this case.

I adopt Judge Kirscher's conclusions of law in full. Walls is still good law in this Circuit, and its holding applied here dictates that Plaintiff cannot maintain a cause of action under the FDCPA while simultaneously pursuing remedies under the Bankruptcy Code.

One factual difference between Walls and this case is that the plaintiff in Walls brought simultaneous actions under the Bankruptcy Code and the FDCPA against the original creditor. Here, Plaintiff's claim against the original creditors is under the Bankruptcy Code and his FDCPA claim is against Bryant, who was apparently not an original creditor at the time Tepp filed bankruptcy. Notwithstanding this factual distinction, Plaintiff's remedy is still found under the Bankruptcy Code. If the bankruptcy court finds Collins Financial's act of

transferring the debt was a violation of the automatic stay and enters judgment accordingly, Collins Financial's post-petition transfer to Bryant is void, see, e.g., In re Dyer, 322 F.3d 1178, 1185 (9th Cir. 2003), and Plaintiff is entitled to damages under 11 U.S.C. § 362.

## V. Order

Based on the foregoing, I approve and adopt the bankruptcy court's findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1). The Clerk is directed to enter a final order denying Plaintiff's Motion for Summary Judgment against Paul Bryant, dba Big Sky Check Recovery & Collections, seeking statutory damages and attorney's fees for violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

DATED this 13th day of January, 2006.

Donald W. Molloy, Chief Judge
United States District Court

6